# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KEON HAMPTON, )
)
Appellant, )
)
v. ) C.A. N15A-12-009 AML
)
UNEMPLOYMENT INSURANCE )
APPEAL BOARD, )
)
Appellee. )

Submitted: July 20, 2016
Decided: October 7, 2016

**ORDER**

**On appeal from the Unemployment Insurance Appeal Board: AFFIRMED.**

1.      This is an appeal from a denial by the Unemployment Insurance Appeal Board (the "Board") of an untimely appeal. The Board's decision effectively ended further review of the claimant's eligibility for unemployment benefits. The claimant argues, as he did to the Board, that a staff member at the Department of Labor misinformed him about the need to appeal an adverse decision. The question is whether the Board abused its discretion in denying the appeal as untimely. For the reasons that follow, I conclude it did not.

2.      On September 28, 2015, a claims deputy determined Keon Hampton was discharged from his employer, Sycamore International ("Sycamore"), without

cause and therefore was entitled to unemployment benefits.[1] Sycamore timely appealed that decision on October 7, 2015.[2] On October 27, 2015, an appeals referee held a hearing.[3]

3.  Marcy Power, the office manager in Sycamore's human resources department, represented Sycamore at the hearing before the appeals referee.[4] Hampton, although properly notified of the hearing, did not attend.[5] During the hearing, the referee explained: "This is a *de novo* hearing and what that means is that the only information I'm going to consider when making my determination is what is presented here at this hearing today and nothing else."[6] Ms. Power then testified that on September 2, 2015, Hampton was terminated for creating a hostile work environment.[7] She testified that the events preceding Hampton's termination involved three bullying incidents: one on August 13, 2015, for which Hampton was suspended;[8] one on August 20, 2015, for which Hampton received a verbal warning;[9] and one that spanned the first two days of September 2015, for which Hampton subsequently was terminated.[10]

---

[1] R. 9-10.
[2] *Id.* at 13-15.  The Department of Labor received the appeal on October 8, 2015.  *Id.* at 13.
[3] *Hampton v. Sycamore Int'l*, No. 11003789 (Del. U.I.A.B. Oct. 27, 2015) (TRANSCRIPT) (hereinafter "Tr.").
[4] Tr. 3.
[5] *Id.*
[6] *Id.*
[7] *Id.* at 9-10.
[8] R. 5; Tr. 6.
[9] R. 6; Tr. 8.
[10] R. 7; Tr. 8-9.

4.　　On November 2, 2015, the referee issued a decision, determining "[Sycamore] has established by preponderance of evidence that [Hampton] was discharged from his employment with just cause in connection with the scope of his employment," reversing the claims deputy's decision, and disqualifying Hampton from receiving unemployment benefits.[11]

5.　　On December 3, 2015, Hampton appealed the referee's decision to the Board, arguing:

> I was misinformed by a claims processor about what I needed to do to handle the letter in reference to my case and benefits being disqualified. I came in person with my letter asking what to do. The claims processor stated I need to do nothing since I'm back working full-time. She took my letter and shredded it. Now I'm not receiving my benefits and I'm in a messed up situation because of information provided.[12]

6.　　On December 22, 2015, upon review of the record, the Board determined Hampton's appeal to the Board was not timely and therefore affirmed the referee's decision.[13] The Board found "no evidence of Department error which prevented [Hampton] from filing a timely appeal of the Referee's Decision."[14] Hampton timely appealed the Board's decision to this Court.

---

[11] R. 30.

[12] *Id.* at 33.

[13] *Id.* at 35. The Board's decision states that the referee's decision was mailed on October 12, 2015. This is a typo. The referee's decision was mailed on November 2, 2015 according to the decision and mailing affidavits. *See Id.* at 28, 31, 32.

[14] *Id.* at 35.

3

7. Hampton appeals the Board's decision on the following grounds: "Summary of evidence reviewed"; "I did file timely appeal"; "The Unemployment processor gave me wrong information"; "They shredded my Appeal form and told me I do not need to appeal when I really needed to."[15] Hampton further argues that Department of Labor personnel had misadvised or not advised him at all about certain information regarding receiving unemployment benefits. He argues that, had he known such information, he would have "shown up or rescheduled the [Department of Labor] hearing." Hampton maintains that, as a result of this misinformation, he now is required to reimburse the Department of Labor for unemployment benefits he received.

8. In response, the Department of Labor argues: "the Board declined further review of [Hampton's] case because he did not file a timely appeal of the referee's decision to the Board. . . . Moreover, the Board found no evidence of Department error or other severe circumstances to persuade the Board to . . . accept [Hampton's] appeal *sua sponte*."

9. This Court's review of the Board's decision is limited to whether the Board's findings were supported by substantial evidence and whether the decision is free from legal error.[16] The Court will not weigh evidence, determine questions

---

[15] *Id.* at 42.

[16] *See Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 781–82 (Del. 2011); *Deysher v. Unemployment Ins. Appeal Bd.*, 2011 WL 7063475, at *1 (Del. Super. Sept. 28, 2011) (citing

of credibility, or make its own factual findings and conclusions.[17] As to discretionary matters, the Board's decision must be affirmed absent an abuse of discretion.[18] The Board abuses its discretion when it "acts arbitrarily or capriciously" or "exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[19]

10. This appeal is limited to the timeliness issue. Hampton's substantive claims – for example, reimbursing the Department of Labor – are not in the record and cannot be addressed.[20] The Court, therefore, only is considering whether the Board abused its discretion by refusing to hear Hampton's untimely appeal.

11. The law regarding the jurisdictional appeal time period is well-settled. A referee's decision is final ten calendar days after the decision is mailed,[21] "unless the mailing fails to reach a party because of some mistake made by employees of the Department of Labor."[22] Delaware law assumes that mail correctly addressed with proper postage was delivered and received.[23]

---

*Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)) (defining substantial evidence as "evidence from which the Board could fairly and reasonably reach its conclusion").

[17] *Thompson*, 25 A.3d at 782.

[18] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).

[19] *PAL of Wilm. v. Graham*, 2008 WL 2582986, at *4 (Del. Super. June 28, 2000) (internal citations omitted).

[20] *See Cassidy v. Liberty Staffing*, 2011 WL 7452778, at *1 (Del. Super. Oct. 25, 2011).

[21] 19 *Del. C.* § 3318(c).

[22] *Funk*, 591 A.2d at 224.

[23] *Crawford v. Park Plaza Condo. Assoc.*, 1994 WL 380305 (Del. Super. 1994); *Griffin v. Daimler Chrysler*, 2000 WL 33309877, at *1 (Del. Super. Apr. 27, 2001).

12. Hampton does not dispute that he received the referee's decision. The decision, which was dated and mailed November 2, 2015,[24] became final on November 12, 2015. Hampton filed his appeal to the Board on December 3, 2015, 14 days late.

13. Hampton argues, however, that his appeal was late due to confusion generated by the Department of Labor and therefore argues, the Court will assume, the Board should have accepted it. Whether Hampton's confusion excuses his delay in filing the appeal turns on the facts determined by the referee and the Board.[25] In addition, while the Board may hear an untimely appeal *sua sponte*, it has broad discretion in choosing whether to do so.[26] Based on the record before it, the Board did not find that Hampton's confusion excused him filing a timely appeal.[27]

14. Even if Hampton received false information from Department of Labor staff and was confused about the process, the first page of the referee's decision states:

---

[24] R. 28, 31, 32.

[25] *See Friedman v. Unemployment Ins. Appeal Bd.*, 1996 WL 453357 (Del. Super. July 31, 1996); *Jones v. Unemployment Ins. Appeal Bd.*, 2014 WL 8059634 (Del. Super. Sept. 12, 2014).

[26] 19 *Del. C.* § 3320. *Funk*, 591 A.2d at 225.

[27] *See Funk*, 591 A.2d at 224 (citing the Board's explanation regarding the caution it takes when exercising its *sua sponte* power: "[I]n a situation where a party has filed a late appeal from an administrative decision, the Board is extremely cautious in assuming jurisdiction over the matter. It does so only in those cases where there has been some administrative error on the part of the Department of Labor which deprived the claimant of the opportunity to file a timely appeal, or in those cases where the interests of justice would not be served by inaction. Such cases have been few and far between and involved circumstances much more severe than those in this case.").

<u>RIGHT OF FURTHER APPEAL</u>
... You are, therefore, hereby notified that if an appeal is not made within the ten-day period specified by law, all further right to appeal is lost and the case cannot be reopened. ...[28]

It is undisputed that Hampton received the referee's decision and therefore received the pertinent appeal information. Accordingly, I cannot say that the Board abused its discretion by refusing to consider Hampton's untimely appeal.

For the foregoing reasons, the Unemployment Insurance Appeal Board's December 22, 2015 decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Abigail M. LeGrow, Judge

Original to Prothonotary
cc:     Paige J. Schmittinger, Deputy Attorney General
        Mr. Keon Hampton, *pro se,* via First Class Mail

---

[28] R. 28.

7